UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA,

- against -

TRISHANA RUSSELL,

                    Defendant.

------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10 3 06
```

06 Cr. 30-1 (RWS)

SENTENCING OPINION

**Sweet, D.J.,**

Defendant Trishana Russell ("Russell") pled guilty to one count of conspiracy to produce and transfer false identification documents in violation of 18 U.S.C. § 1028(f). For the reasons set forth below, Russell will be sentenced to two years of probation. Russell also will be required to pay a fine of $200 and a special assessment of $100.

**Prior Proceedings**

Russell was arrested on August 16, 2004, and was released on her own recognizance. A complaint charging her with possession of false identification documents was filed, but was dismissed by the Government within thirty days. Shortly thereafter, the Bureau of Immigration and Customs Enforcement commenced deportation proceedings against Russell. Ultimately, Russell was granted voluntary departure, in lieu of removal, and was assigned a departure date of July 20, 2005.

1

Beginning in the spring of 2005, Russell participated in a series of proffer sessions with the Government concerning her knowledge about the document fraud conspiracy, and was granted deferred action status so that she could continue to cooperate in an ongoing investigation. On January 11, 2006,a single-count information was filed in this District, charging Russell with conspiracy to produce and transfer false identification documents. In accordance with a cooperation agreement, Russell appeared the same day before the Honorable Frank Maas and pled guilty to the conduct charged in the information. Russell's sentencing is scheduled for October 3, 2006.

## The Sentencing Framework

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

2

        (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)   to afford adequate deterrence to criminal conduct;

        (C)   to protect the public from further crimes of the defendant; and

        (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for --

        (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5)   any pertinent policy statement ... [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

Russell was born on October 19, 1982, in Kingston, Jamaica. She stated that her mother "gave her up" after she was born, and that she last had contact with her father when she was approximately one year old. She does not know the whereabouts of her parents. Russell was raised by her maternal grandparents until the age of three, when she began to reside with an aunt, with whom she relocated to Florida. In 1998, she moved to New York to live with another aunt and four cousins, currently ranging in age from nine to eighteen. Russell has never been married and has no children.

Russell did not complete high school, but received her GED through a program at Bronx Community College in 1999 or 2000. Since that time, she has been employed as a salesperson or as a receptionist. Russell completed a financial affidavit indicating that she has a monthly income of $1,487 and monthly expenses of $990, leaving a monthly positive cash flow of $497. Russell also has debts totalling approximately $2140.

**The Offense Conduct**

Russell was involved in a widespread conspiracy to produce and sell false identification documents, including fake driver's licenses, birth certificates, and social security cards.

4

The leader of the conspiracy was Paul Creary, who manufactured the fake documents, and oversaw a network of sales agents.  The sales agents obtained relevant information from customers, charged them a set amount based on the particular identification documents that were sought, and then paid a portion of this fee to Creary, who would provide the documents for delivery to the customer.  It is believed that Creary and his co-conspirators produced and sold over one thousand false identification documents between May 2000 and August 2004.  On January 12, 2006, Creary pled guilty to his role in the conspiracy, and was sentenced by the Honorable Kevin Thomas Duffy to forty-six months' imprisonment, to be followed by a three-year term of supervised release.

        In addition to receiving falsified documents for her own use, Russell's role in the conspiracy consisted of assisting Joan Brown, one of Creary's sales agents, with whom Russell lived.  On occasion, Russell would speak with Creary on the telephone about the falsified documents.  In addition, if Creary arrived at Brown's apartment and Brown was not present, Russell would, on occasion, accept documents on Brown's behalf and/or give Creary money or information relating to false documents.

## The Relevant Statutory Provisions

        The statutory maximum term of imprisonment is fifteen years, pursuant to 18 U.S.C. §§ 1028(f).  If a term of imprisonment

is imposed, the Court may impose a term of supervised release of not more than three years. 18 U.S.C. 3583(b)(2).

Russell is eligible for not less than one nor more than five year's probation by statute. 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571.

A special assessment in the amount of $100 is mandatory. 18 U.S.C. § 3013.

6

**The Guidelines**

The November 1, 2005 edition of the <u>United States Sentencing Commission Guidelines Manual</u> ("the Guidelines") has been used in this case for calculation purposes.  U.S.S.G. § 1B1.11(a).

The guideline for a violation of 18 U.S.C. § 1028(f) is found in § 2L2.1, which provides for a base offense level of 11.  U.S.S.G § 2L2.1(a).  Because the offense was committed other than for profit, in that the defendant did not receive money, but was only assisting another individual, the offense level is decreased by three levels.  U.S.S.G. § 2L2.1(b)(1).

Based on her plea allocution, Russell has shown recognition of responsibility for her offense.  Thus, the offense level is reduced two levels.  U.S.S.G. § 3E1.1(a).

Russell's resulting adjusted offense level is 6.

Russell has no known criminal convictions.  Therefore, she has zero criminal history points and a Criminal History Category of I.

Based on a total offense level of 6 and a Criminal History Category of I, the Guidelines range for imprisonment is zero to six months.

7

The Guidelines range for a term of supervised release is at least two years but not more than three years. U.S.S.G. § 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to § 5D1.1(a).

Because the applicable guideline range is in Zone A of the Sentencing Table, the defendant is eligible for probation, pursuant to § 5B1.1(a)(1). If the court imposes probation, the term must be at least one year but not more than five years because the offense level for the instant offense is 6, pursuant to §5B1.2(a)(1).

The Guidelines recommend a fine range of $500 to $5000 for the instant offense. U.S.S.G. § 5E1.2(c)(3).

The Guidelines suggest that subject to the defendant's ability to pay, in imposing a fine, the court should consider the expected costs to the Government of any imprisonment, probation, or supervised release. § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,933.80 to be used for imprisonment, a monthly cost of $287.73 for supervision, and a monthly cost of $1,675.23 for community confinement.

8

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having considered the Guidelines calculations, as set forth above, the Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a), in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, as well as the fact that the Government has submitted a 5K1 letter to reflect Russell's assistance in this case, Russell will be sentenced to two years' probation.

## The Sentence

In light of her minor role in the offense, and her cooperation with the Government, Russell will be sentenced to a two-year term of probation.

As Russell has kept all court appearances, has been in compliance with all terms and conditions of her pretrial release, and is not viewed as a flight risk or a danger to the community, she is deemed a good candidate for voluntary surrender. Russell is therefore directed to report to the nearest United States Probation Office within 72 hours of imposition of sentence to commence a two-

9

year term of probation.    It is recommended that Russell be supervised by the district of her residence.

As mandatory conditions of this supervised release, Russell shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) cooperate in the collection of DNA as directed by the probation officer; and (5) refrain from any unlawful use of a controlled substance.  Russell shall submit to one drug testing within fifteen days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer. Furthermore, the standard conditions of supervision (1-13) shall be imposed with the following special conditions: Russell shall (1) obey the immigration laws and comply with the directives of the immigration authorities; (2) provide the probation officer with access to any requested financial information; and (3) not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Russell is in compliance with the installment payment schedule.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), including her financial capacity, Russell is hereby required to pay a fine of $200, to be paid over a period of supervision to commence thirty days after sentencing.

10

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing set for October 3, 2006.

It is so ordered.

**New York, NY**
**October**  ⁄  **, 2006**

ROBERT W. SWEET
U.S.D.J.

11